IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:17-cv-81005-MIDDLEBROOKS/Brannon

TIFFANY TATE and
QUANTUM LUXURY
PROPERTIES, LLC,

    Plaintiffs,

vs.

IBIS PROPERTY OWNERS
ASSOCIATION, INC. and
IBIS GOLF & COUNTRY CLUB, INC.

    Defendant.

_____/

### DEFENDANT, IBIS PROPERTY OWNERS ASSOCIATION, INC'S, MOTION TO DISMISS

**COMES NOW** the Defendant, IBIS PROPERTY OWNERS ASSOCIATION, INC. ("Association"), by and through its undersigned Counsel and pursuant to Federal Rule of Civil Procedure 12 (b)(6), hereby files this its Motion to Dismiss the Complaint filed by Plaintiffs, TIFFANY TATE ("Tate") and QUANTUM LUXURY PROPERTIES, LLC ("Quantum") (collectively referred to as "Plaintiffs"), and in support thereof states:

### LAW

1. Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil

Tiffany Tate and Quantum Luxury Properties, Inc. v. Ibis Property Owners Association, Inc., et al.
Case No. 9:17-cv-81005-DMM – MIDDLEBROOKS/Brannon
Motion To Dismiss Plaintiffs' Complaint
Page 5

Procedure 8(a), which requires a "short and plain statement" showing that the pleader is entitled to relief.

2. In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3. All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. Gonzalez v. Old Lisbon Restaurant & Bar, LLC, 820 F. Supp 2d 1365, 1368 (11th Cir. 2011). However, a plaintiff may plead himself out of court if the complaint includes allegations that show he cannot possibly be entitled to the relief sought. Microsoft Corporation v. Cietdirect.com LLC, 2008 WL 3162535 (11th Cir. 2008).

4. "Generally, the existence of an affirmative defense will not support a motion to dismiss." Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir.1984). However, "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." Id.; see also Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir.2003). To dismiss a complaint based on an affirmative defense, the complaint must "affirmatively and clearly show the conclusive applicability of the defense to bar the action." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1277 (11th Cir.2004) (quoting Reisman v. Gen. Motors Corp., 845 F.2d 289, 291 (11th

Tiffany Tate and Quantum Luxury Properties, Inc. v. Ibis Property Owners Association, Inc., et al.
Case No. 9:17-cv-81005-DMM – MIDDLEBROOKS/Brannon
Motion To Dismiss Plaintiffs' Complaint
Page 5

Cir.1988)). Accordingly, this Honorable Court must determine whether the allegations in the Complaint clearly show that the Statute of Limitation bars this action.

5. Plaintiff filed a one Count Complaint against the Association for an alleged violation of the Fair Housing Act, 42 U.S.C. §3601 on the basis[1] of race.

6. Specifically, the Complaint alleges that the Association committed a "discriminatory housing practice", as the term is defined pursuant to 42 U.S.C. §3602 by and through the following acts:

   a. Refusing to permit Tiffany from selling the dwelling to QLP so that African Americans would not become members of IPOA; and

   b. Refusing to permit QLP to purchase the dwelling so that African Americans would not become members of IPOA. [2]

7. Plaintiffs' Complaint alleges that in April of 2015 Tate purchased a property located at 7717 Azalea Court ("Property") with the intent to sell it to a single-entity LLC comprised of up to six buyers[3].

8. Plaintiffs' Complaint alleges that the single-entity LLC was Quantum.[4]

9. Plaintiffs' Complaint alleges that on July 25, 2015 Tate was informed that the Association had withdrawn support (i.e., disallowed) for her plan to sell the Property to Quantum. The Complaint alleges that the Associations withdrawal of support of her

---

[1] Complaint, Pg. 24.
[2] Complaint, ¶106.
[3] Complaint ¶'s 12-13.
[4] Complaint ¶18.

Tiffany Tate and Quantum Luxury Properties, Inc. v. Ibis Property Owners Association, Inc., et al.
Case No. 9:17-cv-81005-DMM – MIDDLEBROOKS/Brannon
Motion To Dismiss Plaintiffs' Complaint
Page 5

selling the Property to Quantum and the withdrawal of support of Quantum purchasing the Property from Tate was racially motivated.[5]

10. Plaintiffs' Complaint must be dismissed with prejudice because the applicable statute of limitations for the alleged violation of Fair Housing Act, 42 U.S.C. §3601 expired prior to the time that the Plaintiffs filed their Complaint.

## PLAINTIFFS' CLAIM BARRED BY STATUTE OF LIMITATIONS

11. 42 U.S.C. §3613(a)(1)(A) provides that "[A]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach."

12. In the instant case, the well-pleaded facts alleged in the complaint, which must be accepted as true, allege that on July 25, 2015 Plaintiffs were informed that the Association decided not to allow Tate to sell the Property to Quantum; or Quantum to purchase the Property from Tate. Further, the Complaint specifically alleges that Tate was informed in writing on August 19, 2015 that the Defendants rejected Tate and Quantum's plan (i.e., sale).[6]

---

[5] Complaint ¶'s 45-47; 56.
[6] See Complaint, ¶'s 45-69.

Tiffany Tate and Quantum Luxury Properties, Inc. v. Ibis Property Owners Association, Inc., et al.
Case No. 9:17-cv-81005-DMM – MIDDLEBROOKS/Brannon
Motion To Dismiss Plaintiffs' Complaint
Page 5

13. Plaintiffs did not file their Complaint until September 5, 2017. At the latest, the Complaint should have been filed by August 19, 2017 in order to comply with the two-year statute of limitations. The case law is clear that the date of the alleged violation which controls when the statute of limitation begins to run. See Smithrud v City of St. Paul (2014, CA8 Minn) 746 F3d 391 ([W]here decisions to demolish properties occurred on August 20, 2008, August 28, 2008, and September 10, 2008, and property owner did not file his complaints until November 3, 2010, his Fair Housing Act claim was barred by two-year statute of limitations in 42 USC § 3613(a)(1)(A)); See Also Battah v Resmae Mortg. Corp. (2010, ED Mich) 746 F Supp 2d 869 (Plaintiff alleged violations of Fair Housing Act occurred at closing, when defendants failed to inform plaintiff of various charges and costs related to loan; closing occurred on May 22, 2007, and plaintiff filed his action on February 24, 2010, well past two-year statute of limitation under 42 USC §3613.)

14. Therefore, according to the Complaint the alleged discriminatory act,, i.e. the decision to refuse to permit Tate from selling the dwelling to Quantum so that African Americans would not become members of IPOA and the alleged decision to refuse to permit Quantum to purchase the dwelling so that African Americans would not become members of IPOA occurred as early as July 25, 2015 or as late as August 19, 2015. Because the Plaintiffs did not file their Complaint until September 5, 2017, their Fair Housing Act claim is barred by two-year statute of limitations in 42 USC §3613(a)(1)(A) and their Complaint must be dismissed with prejudice.

Tiffany Tate and Quantum Luxury Properties, Inc. v. Ibis Property Owners Association, Inc., et al.
Case No. 9:17-cv-81005-DMM – MIDDLEBROOKS/Brannon
Motion To Dismiss Plaintiffs' Complaint
Page 5

WHEREFORE, the Defendant, IBIS PROPERTY OWNERS ASSOCIATION, INC. respectfully requests that this Honorable Court enter an Order dismissing Plaintiffs, TIFFANY TATE and QUANTUM LUXURY PROPERTIES, LLC Complaint with prejudice, and awarding the Association its reasonable attorney's fees and costs expended in defending this action pursuant to 42 USC § 3613(a)(1)(C)(2), any other such relief as may be deemed appropriate.

        Respectfully submitted,

        Vernis & Bowling of Palm Beach, P.A.
        Attorney for Defendant, *Fairway Point*
        884 US Highway One
        North Palm Beach, FL 33408
        Telephone No. (561) 775-9822
        Facsimile No. (561) 775-9821
        E-Mail:    jfiala@florida-law.com
                     asconzo@florida-law.com
        Secondary:   cschrader@florida-law.com
                     pbfiling@florida-law.com

          /s/   Josef M. Fiala
        JOSEF M. FIALA, ESQUIRE
        Florida Bar No.: 707570

-THE REMIANDER OF THIS PAGE INTENTIONALLY LEFT BLANK-

<u>Tiffany Tate and Quantum Luxury Properties, Inc. v. Ibis Property Owners Association, Inc., et al.</u>
Case No. 9:17-cv-81005-DMM – MIDDLEBROOKS/Brannon
Motion To Dismiss Plaintiffs' Complaint
Page 5

=

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on September 28, 2017, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronically Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

   /s/   Josef M. Fiala
JOSEF M. FIALA, ESQUIRE
Florida Bar No.: 707570

**SERVICE LIST**
**CASE NO.** 9:17-cv-81005-DMM – MIDDLEBROOKS/Brannon

Neil Bryan Tygar, Esquire
*Attorney for Plaintiffs*
Neil Bryan Tygar, P.A.
5341 W. Atlantic Avenue #303
Delray Beach, FL 33130
Telephone No. 561-455-0280 ext 11
Facsimile No. 561-455-0281
ntygar@me.com